IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| PROGRESSIVE SPECIALTY INSURANCE COMPANY, ) ) ) Plaintiff, ) ) vs. ) ) GEORGE MITCHELL et al., ) ) Defendants. ) ) | CV 02-J-2272-J |

## MEMORANDUM OPINION

Pending before the court is plaintiff Progressive Specialty Insurance Company's ("Progressive") motion for summary judgment (doc. 24). The court has reviewed the motion and the parties' other submissions. Based upon this review, the court is of the opinion that Progressive's motion is due to be granted.

### I. Background

A vehicle collision occurred on March 15, 2002. Tim Humphries ("Humphries") was driving George Mitchell's ("George") car at the time of the accident. George had loaned his car to his brother, Ronnie Mitchell ("Ronnie"), two weeks before the accident. George's Depo. at 8. George told Ronnie to leave the car at his other brother's, Barry Mitchell's ("Barry"), house when he finished using it. *Id.* at 9. George's car was taken from Barry's house by Humphries and was involved in

the accident. *Id.* at 131. Roy Williams ("Williams") was a passenger in George's car at the time of the accident and Larry Smith ("Smith") was the driver of the other vehicle involved in the accident.

## II. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.*, 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to

the non-moving party to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro. 56(e). In meeting this burden the non-moving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed. R. Civ. Pro. 56(c); *Matsushita*, 475 U.S. at 587. *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case...A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000), quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995). A factual dispute regarding a non-material issue will not preclude the defendant from succeeding on a motion for summary judgment. *Brown v. American Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir. 1991).

### III. Legal Analysis

Progressive filed this action seeking a declaratory judgment that there is no coverage for the accident under George's insurance policy with Progressive. The subject policy covers damages "for which an **insured person** becomes legally responsible because of an **accident** arising out of the ownership, maintenance, or use of a **vehicle**." Progressive Alabama Motor Vehicle Policy, Ex. 1 to Ex. A to Progressive's evidentiary submission (doc. 25), at 5 (emphasis in original). The policy further defines an "**insured person**" to include "any person with respect to an **accident** arising out of that person's use of a **covered vehicle** with the express or implied permission of **you** or a **relative**." *Id.*, at 5-6 (emphasis in original).

Whether Humphries qualifies as "any person with respect to an **accident** arising out of that person's use of a **covered vehicle** with the express or implied permission of **you** or a **relative**" will determine the issue of coverage presented by Progressive's cause of action. The subject insurance policy defines "**you**" as "a person shown as a named insured on the **Declarations Page**, and that person's spouse if residing in the same household." Progressive Alabama Motor Vehicle Policy, Ex. 1 to Ex. A to Progressive's evidentiary submission (doc. 25), at 5 (emphasis in

original). Construing the evidence in the light most favorable to the nonmovant,[1] "**you**" means George Mitchell, Margaret Mitchell or Barry Mitchell. *See* George's Depo. at 57.[2] Progressive has presented evidence that neither George nor Barry gave Humphries express permission to use George's car. *See* George's Depo. at 131 *and* Barry's Depo. at 87. No party has presented any evidence to contradict the absence of express permission.

Progressive further asserts that implied permission was not present either.

> In order to support an inference that one had implied permission to use the automobile of another for his own purposes, there must be a course of conduct engaged in by the parties over a period of time prior to the use in question or else there must be particular circumstances to justify an inference of implied permission. When one relies on a "course of conduct," the evidence must tend to show a course of conduct or practice on the part of the person whose permission must be had, with knowledge of the existing facts and circumstances, that supports a reasonable inference of permissive use of the automobile.

*Sleight v. State Farm Mutual Automobile Ins. Co.*, 516 So. 2d 616, 618 (Ala. 1987)

---

[1] The Declarations Page is not in the record. The only evidence in the record regarding who is a "named insured" is George's testimony as to who he thinks might be listed on the Declarations Page.

[2] "**Relative**" is defined as "a person residing in the same household as **you**, and related to **you** by blood, marriage, or adoption." If he were not named as an insured on the Declarations Page, then Barry would not be a "relative" because he does not reside with George and Margaret Mitchell.

citing *Pettis v. State Farm Mutual Automobile Ins. Co.*, 229 So. 2d 772 (Ala. 1970); *see also Nationwide Mutual Ins. Co. v. Shanklin*, 197 F. Supp. 2d 1338, 1342 (M.D. Ala. 2002). George testified that he did not ever allow Humphries to use the car and was never aware of use of the car by Humphries. *See* George's Depo. at 131. Similarly, Barry testified that he did not ever allow Humphries to use the car and was never aware of use of the car by Humphries. *See* Barry's Depo. at 87-88. Thus, through this testimony, Progressive has presented evidence that Humphries did not have permission to drive George's car. In response, defendant Smith has presented no evidence that Humphries had permission to drive George's car.[3] While Williams testified that he saw Humphries using the car a few days prior to the accident, Williams also testified that he did not know where Humphries got the car, who owned the car, or whether Humphries had permission to drive the car. *See* Williams' Depo. at 20-22, 37. There is no evidence to indicate that George or Barry were aware of Humphries' use of the car from which an inference of implied permission could be made.[4] Absent such evidence, no genuine issue of material fact exists.

---

[3] Defendant Smith was the only defendant who responded to Progressive's motion.

[4] Williams testified that on the day of the accident Humphries mentioned during their conversation while riding in the car that "he had borrowed the vehicle from his uncle." Williams' Depo. at 37, 56-57. However, this statement is inadmissible hearsay. Moreover, it is undisputed that Humphries is not related to George or Barry.

Humphries is not an **"insured person"** absent any evidence that he had "express or implied permission" to use George's car. Thus, Progressive is entitled to judgment as a matter of law that the subject accident is not covered under George's insurance policy. Accordingly, Progressive's motion for summary judgment is due to be granted.

## IV. Conclusion

Based upon the foregoing, Progressive's motion for summary judgment (doc. 24) is **GRANTED**. Judgment shall be entered in favor of Progressive by separate order.

**DONE** and **ORDERED** this the ___3___ day of September, 2003.

                                              Inge P. Johnson
                                              U.S. District Judge